# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIA M. ROMAN,**

    **Plaintiff,**

**v.**                                                                                       **Case No:  6:18-cv-621-Orl-41LRH**

**FERNANDO LOPEZ and WATERFORD
LAKES WOMEN'S HEALTH CENTER,
INC.,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR SETTLEMENT APPROVAL (Doc. No. 34)**
>
> **FILED:**      **March 26, 2020**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.  BACKGROUND.

Plaintiff Maria M. Roman filed this action on April 20, 2018 against Defendants Fernando Lopez and Waterford Lakes Women's Health Center, Inc., asserting a claim for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and a claim for unpaid wages under Florida law.  Doc. No. 1.  The operative pleading is the amended complaint, in which Plaintiff alleges that Defendants: (1) violated the overtime provisions of the

FLSA (Count I); (2) breached the employment agreement by failing to pay unpaid wages under Florida law (Count II); (3) discriminated against her based on her disability in violation of the Americans with Disabilities Act (Count (III); (4) discriminated against her based on a handicap in violation of the Florida Civil Rights Act (Count IV); (5) discriminated against her based on her age in violation of the Age Discrimination in Employment Act (Count V); and (6) discriminated against her based on her age in violation of Florida law (Count VI). Doc. No. 27.

On March 27, 2020, the parties notified the Court that they had reached a settlement on all of the claims in this case. Doc. No. 35. The parties have also filed a joint motion to approve the settlement as it relates to Plaintiff's claim under the FLSA. Doc. No. 34. They have included with the motion a fully executed copy of their FLSA Settlement Agreement ("FLSA Agreement"). Doc. No. 34-1. The parties ask that the Court approve the FLSA Agreement and dismiss the case in its entirety with prejudice. Doc. No. 34, at 4.[1]

The joint motion was referred to the undersigned, and the matter is ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food Stores*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). A court may only enter an order approving a settlement if it finds that the settlement

---

[1] The parties state that they have also resolved the non-FLSA claims in this case by separate, confidential agreement which "is supported by meaningful and independent consideration." Doc. No. 34, at 3 n.1. The parties further represent that "[n]othing in that agreement is inconsistent with the terms in the FLSA Agreement in that the parties specifically exempt any FLSA claims from the release and confidentiality provisions." *Id.*

"is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food Stores*, 679 F.2d at 1354. However, "[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." *Park v. Am. Servs. of Cent. Fla., Inc.*, No. 6:06-cv-882-Orl-22JGG, 2007 WL 430651, at *2 (M.D. Fla. Feb. 3, 2007) (citing *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

**III. ANALYSIS.**

    *A.    Whether Plaintiff Has Compromised Her FLSA Claim.*

Pursuant to the FLSA Agreement, Defendants will pay Plaintiff a total of $39,225.62 in satisfaction of her FLSA overtime claim. Doc. No. 34-1 ¶ 3. That amount includes $11,560.31 in compensation for unpaid overtime wages; $11,560.31 in liquidated damages; and $16,105.00 in attorney's fees. *Id.*

In the joint motion, the parties state that Plaintiff is not compromising her claim under the FLSA, in that she will receive the full amount that she claimed she was owed on her unpaid overtime

wages claim. Doc. No. 34, at 3. The parties point to Plaintiff's answers to the Court's Interrogatories, in which Plaintiff averred that she was owed a total of $34,425.62 for her overtime claim, which included $11,560.31 in overtime, plus an equal amount in liquidated damages, as well as $11,305.00 in attorney's fees and costs. Doc. No. 19, at 3–4.

Because Plaintiff will receive all of the compensation to which she claimed she was entitled under the FLSA on her overtime claim, I recommend that the Court find that Plaintiff has not compromised her FLSA claim within the meaning of *Lynn's Food*.

B. *Attorney's Fees and Costs.*

Under the FLSA Agreement, counsel for Plaintiff will receive a total of $16,105.00 in attorney's fees and costs. Doc. No. 34-1 ¶ 3c. Because Plaintiff will receive all of the FLSA compensation arguably due, the amount of attorney's fees and costs to be paid under the FLSA Agreement cannot have tainted the amount Plaintiff agreed to accept to settle the claim. *See Stevenson v. RBC Bank USA, Inc*., No. 6:10-cv-1624-Orl-28, 2011 WL 4412155, at *2 (M.D. Fla. Aug. 19, 2011) ("Full recompense is *per se* fair and reasonable."), *report and recommendation adopted*, 2011 WL 4411777 (M.D. Fla. Sept. 22, 2011). Accordingly, the Court need not scrutinize the FLSA Agreement further to consider whether the attorney's fees and costs to be paid are reasonable.[2] *See Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

---

[2] The parties state that the amount of attorney's fees to be paid includes additional hours expended by Plaintiff's counsel after submission of Plaintiff's answers to the Court's Interrogatories. Doc. No. 34, at 4. Plaintiff agrees that the number of hours to be paid are reasonable. *Id.* The parties also assert that "the amount of attorney's fees to be paid under the FLSA Agreement were separately negotiated without any reduction of payment to the Plaintiff." *Id.* These representations further indicate that the agreed-upon attorney's fees and costs do not undermine the fairness of the FLSA Agreement. *Cf. Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

C. *Whether the Settlement is Fair and Reasonable.*

As noted above, Plaintiff is not compromising her FLSA overtime claim. "When, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA." *Williams v. Vidhi Inv., Inc.*, No. 6:14-cv-1559-Orl-40GJK, 2015 WL 1524047, at *1, 4 (M.D. Fla. April 3, 2015) (citations omitted). "If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case . . . ." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) (quoting *Dees v. Hydradry*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010)).

Nonetheless, some courts have expressed concern that a non-cash concession by an employee, such as a confidentiality provision or a broad release clause, "affects both the 'fairness' and the 'full compensation' component of the settlement, and thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full." *Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012) (quoting *Moreno*, 729 F. Supp. 2d at 1348), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012). Therefore, I note that in this case, the FLSA Agreement does not contain a broad general release, a confidentiality provision, or a non-disparagement clause that would undermine the fairness of the parties' settlement. Doc. No. 34-1.

However, I find that there is one provision in the parties' Agreement that is unenforceable. Specifically, the FLSA Agreement provides that it "may be amended, revoked, changed, or modified" upon written agreement of the parties. *Id.* ¶ 11. A court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold

otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement.

The FLSA Agreement contains a severability clause, however. *See id.* ¶ 10 ("If any portion or provision of the FLSA Settlement Agreement . . . is legally determined to be unenforceable, the remainder of the FLSA Settlement Agreement shall not be affected . . . and said unenforceable portion or provision shall be deemed not to be a part of the FLSA Settlement Agreement."). Therefore, I recommend that the Court sever the modification clause from the FLSA Agreement.

### D. *Settlement of Non-FLSA Claims By Separate Agreement.*

The parties have resolved Plaintiff's non-FLSA claims by separate, confidential agreement. "[C]ourts have approved separating settlement of the FLSA and non-FLSA claims into separate agreements, even where the non-FLSA agreement was not submitted to the court." *Wilburn v. Paradise Lawns & Landscaping, Inc.*, No. 6:14-cv-1557-Orl-37TBS, 2015 WL 13793352, at *2 (M.D. Fla. Feb. 13, 2015), *report and recommendation adopted*, 2015 WL 13793264 (M.D. Fla. Feb. 19, 2015). Accordingly, "the existence of a separate agreement settling the ADA claim and [other] non-FLSA claims, with separate consideration paid, [is not] an impediment to the FLSA settlement." *Landfair v. Optimal Phone Interpreters, Inc.*, No. 6:12-cv-1747-Orl-37DAB, 2013 WL 12388629, at *3 (M.D. Fla. June 20, 2013); *see also Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-Orl-36GJK, 2012 WL 1165598, at *3 (Mar. 26, 2012) (recommending approval of FLSA settlement agreement and finding review of separate settlement agreement resolving state law claim and FLSA retaliation claims unnecessary), *report and recommendation adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012); *Stevenson*, 2011 WL 4412155, at *1 (recommending approval of FLSA settlement agreement where parties had resolved "all other employment related claims, including those relating to a Charge of Discrimination pending before the EEOC" in a

separate, undisclosed agreement), *report and recommendation adopted*, 2011 WL 4411777 (M.D. Fla. Sept. 22, 2011).

Moreover, I note that the parties represent that they "negotiated the terms of a mutual general release of claims in a separate, confidential agreement, which is supported by meaningful and independent consideration to resolve the non-FLSA claims in this case," and that "[n]othing in that agreement is inconsistent with the terms in the FLSA Agreement in that the parties specifically exempt any FLSA claims from the release and confidentiality provisions." Doc. No. 34, at 3 n.1. Therefore, "[b]ecause the parties settled the non-FLSA claims separately and that settlement does not appear to have affected the settlement terms of the FLSA claim, consideration of the separate settlement is unnecessary." *Harrison v. Experis US, Inc*., No. 3:16-cv-1392-J-25PDB, 2017 WL 11113511, at *5 (M.D. Fla. Aug. 22, 2017) (citation omitted), *report and recommendation adopted*, 2017 WL 11113512 (M.D. Fla. Sept. 7, 2017).

## IV. RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Joint Motion for Settlement Approval (Doc. No. 34);
2. **STRIKE** the modification clause (Doc. No. 34-1 ¶ 11) from the FLSA Agreement;
3. **FIND** that the FLSA Agreement, as amended by the Court, is a fair and reasonable resolution of a bona fide dispute under the FLSA;
4. **DISMISS** this case with prejudice; and thereafter
5. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on March 31, 2020.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record